[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SUBSTITUTED COMPLAINT
Defendants move to strike plaintiffs substituted complaint dated October 23, 1998.
 History
Plaintiff brought this cause of action in seven counts and defendants moved to strike counts Two through Seven. By memorandum of October 7, 1998 the court struck counts Two through Six leaving counts One and Seven still in that original complaint. CT Page 718
Plaintiff filed a substituted complaint on October 23, 1998 containing only new counts Two through Six. It also seeks to incorporate counts One and Seven of the prior complaint.
 Facts and Allegations
The new Count Two is brought for fraudulent misrepresentation and it alleges all the facts alleged in Count One of the original complaint paragraphs 1 through 24 and some ten "new paragraphs". This count contains no new facts to change the court's conclusion in its prior memorandum. The same is true of counts Three, Four, Five and Six. They do contain many conclusions.
 Law re: Counts One and Seven of Amended Complaint of April 24, 1998
The defendant argues that by the filing of the substituted complaint plaintiff has, in effect, erased the two counts which survived the motion to strike because those two counts are not in this latest complaint. Counts One and Seven of the prior complaint may not be incorporated here because our courts operate with only one complaint at a time. Plaintiff must now file a new complaint in regard to the Counts One and Seven in the prior complaint. Nowak v. Nowak, 175 Conn. 112, 118.
It is true that the structure of this substituted complaint makes it very difficult to trace the allegations. A totally new complaint would aid in understanding what plaintiff alleges.
Our practice book rules §§ 10-6, 10-7 do not prevent the court from ruling on defendant's present motion to strike.
The motion to strike is granted.
N. O'Neill, J. CT Page 719